## The Edwin H. Webster.

*(District Court, S. D. New York. October 26, 1884.)*

1. COLLISION—PIERS AND SLIPS—LOOKOUT—SIGNALS—CHANGE OF COURSE IN TURNING.

The tug T., with the libelant's boat lashed upon her starboard side, was steaming up the North river, near the slips, to avoid the strong ebb-tide. Farther up river the tug E. H. W., at the foot of Gansevoort street, was at the same time turning about near the end of the pier, by backing and filling, her head swinging southward towards the Jersey shore. As the T. approached, her two colored lights were visible to the E. H. W. The latter exposed her red light, and when first seen was apparently going across the river, but she was swinging downwards, and shortly after showed both lights, and attempted to go inside, crossing the T.'s bows, when a collision ensued. *Held*, that both were in fault,—the T. for navigating in the night-time so near to the piers and slips; the E. H. W. for not keeping a better lookout for vessels approaching her while she was executing her turn in the night-time, and for not giving timely signals of her various changes of course in doing so.

2. SAME—FIFTY-NINTH RULE.

Permission given to bring in the T. under the new fifty-ninth rule in admiralty, the delay being excused.

In Admiralty.

*Owen & Gray*, for libelants.

*Beebe & Wilcox*, for claimants.

BROWN, J. Upon the facts of this collision I must hold both the Webster and the Terror in fault. The Terror was in fault for running along up river so near to the ends of the slips for the purpose

of taking advantage of the slack water, instead of being out in the stream where there were no obstructions, and where she ought properly to have been. I have no question that she was less than 250 feet from the ends of the piers. In the night-time this was specially hazardous and unjustifiable. *The Monticello*, 15 FED. REP. 474; *McFarland* v. *Selby, etc. Co.* 17 FED. REP. 253.

But the Webster cannot be excused. She was backing and filling while turning round with her head towards the Jersey shore. The colored lights of the Terror were visible for a considerable period. There was abundant time for them to have been seen on board the Webster, and for proper signals to have been given by the latter. The Webster, exposing her red light only when the Terror's lights were visible below her, ought to have considered that to stop her apparent course across the river and to turn about, or to suffer herself to be swung round by the tide in front of the Terror's course, was a very hazardous maneuver in the night-time, and one that called for special caution and timely signals on her part. Instead of this, none were given, except so late as to be of no use. And the necessary inference from the testimony on her part, also, is that no attention was paid by her to vessels coming up from below until the Webster's bow was already on a strong swing from the tide, and only a very short time before the collision. The pilot of the Terror, seeing the Webster's red light moving outward from the piers, naturally supposed she was intending to continue that course and to cross the river, but he had no right to rest upon that assumption as certain when so near to the slips. And the Webster, not intending to keep her course, should have signaled in time or else kept out of the way. I must hold her, therefore, wanting in that reasonable care and caution which these maneuvers at night required. The very common practice for tugs to keep in the slack water by the piers, though unjustifiable, prevents her claiming that she had no reason to anticipate that any boat might be coming up within the limits within which she was turning, so as to absolve her from any duty of watchfulness.

The Terror has not been made a party to the action, under a natural mistake of the claimants' counsel that she belonged to the libelants. If the libelants stipulate to accept half the damages, a decree may be entered to that effect, with costs; otherwise, the claimants will have liberty to bring in the Terror under the fifty-ninth rule in admiralty, (*The Hudson*, 15 FED. REP. 162,) and 10 days' stay of proceedings will be allowed for that purpose.